RELIANCE INDEPENDENT SCHOOL DISTRICT NO. 9, Respondent

v.

BURULL et al., Appellants

(135 N.W.2d 737)

(File No. 10177.  Opinion filed June 10, 1965)

**Frank L. Farrar,** Atty. Gen., **L. A. Weisensee,** Asst. Atty. Gen., Pierre, **Patrick McKeever,** Lyman County State's Atty., Kennebec, for defendants and appellants.

**George F. Johnson,** Gregory, for plaintiff and respondent.

HANSON, J.   On January 2, 1963, Donald E. Hamiel and Josephine Hamiel presented a petition to the Lyman County Board of Education requesting a quarter section of land be transferred from the Reliance Independent School District to the Norway Common School District. Petitioners wanted the change as the grade school in the Norway District is four miles closer to their home than any other school and their children could attend Chamberlain High School rather than the Reliance High School.

The County Board of Education approved and granted the petition. Pursuant to SDC 1960 Supp. 15.2344 the Reliance School District appealed to the circuit court which, after trial, entered judgment vacating the decision of the Lyman County Board of Education. The County Board of Education in turn has appealed here. The only question presented is whether or not the County Board of Education had authority, under the law in effect at the time, to grant the petition.

The territorial change was sought under SDC 1960 Supp. 15.2017 as amended by Chapter 73 of the Session Laws of 1961[1] reading as follows:

> "15.2017.   Change of district boundaries. The county board shall have the power at its discretion upon proper petition as hereinafter provided to make minor boundary changes of any school district within its county without a vote of any electors providing the boundary change does not create any more or any less school districts than those already in existence and providing such change meets the requirements and limitations for reorganization.
>
> "All applications for a change in school district boundaries must be made to the county board of education in the form of a petition signed by over fifty per cent of the electors residing in the area to be transferred by such boundary change. Any boundary change made

---

1. Subsequently amended by Chapter 72, Session Laws of 1963.

under this section of the law shall not leave any school district with less than the minimum requirements of a school district as provided in this chapter.

"Provided further that this section shall not be used by the electorate or the county board until a school district has been reorganized and the master plan of the county or the proposed school district adopted by the electorate as provided by law."

It is conceded by all parties the petition is legally sufficient and meets all the requirements of the above statute for a minor change of school district boundaries except that neither school district involved has been reorganized and neither has a master plan for Lyman County nor a proposed school district ever been adopted by the electorate. Appellants contend those requirements are obviated by Section 7(8) of Chapter 61, Laws of 1959 which states:

"If any county board of education shall fail to comply with the provisions as herein set forth to the extent that no master plan has been adopted for the county on or before January 1, 1962, such county shall be considered to have an adopted county unit master plan of school district organization or reorganization until a different master plan has been adopted according to law;"

By virtue of such law Lyman County must be considered as having an adopted county master plan of school district reorganization at the time the petition for a school district boundary change was presented and acted upon by the County Board of Education. Notwithstanding, the Lyman County Board of Education had no authority to grant the same. Chapter 73, Laws of 1961, specifically provides that a petition for change of boundaries cannot be granted until (1) a school district has been reorganized and (2) a master plan or a proposed school district thereunder has been adopted by the electorate. This accords with the spirit of school reorganization which is to have all territory within the state eventually included in reorganized school districts of sufficient size to provide adequate educational opportunities for all children in the state. As the Norway School

District has never been reorganized by the electorate the County Board of Education had no power to grant a petition which would transfer additional territory thereto.

Affirmed.

All the Judges concur.